OPINION
Appellant, Mary E. Terwilliger, n.k.a. Robinson, appeals a judgment of the Common Pleas Court of Paulding County, terminating a shared parenting agreement and designating her ex-husband, Appellee, Daniel Terwilliger, residential parent of the parties' minor children. For the reasons expressed in this opinion, we affirm the judgment of the trial court.
The parties were married on September 3, 1984. Four children were born as issue of the relationship: Isaac, d.o.b. October 27, 1984; Brandi, d.o.b. February 7, 1987; Zachary, d.o.b. September 11, 1989; and Abby, September 28, 1991. On May 2, 1997, after approximately twelve years of marriage, Daniel filed a complaint for divorce on the grounds of gross neglect of duty, extreme cruelty and incompatibility. At the same time, Daniel also requested that the court allocate to him residential parent rights and responsibilities due to the fact that Mary had left the marital home in March 1997 to reside approximately twenty miles away in Fort Wayne, Indiana.
On August 26, 1997, the trial court issued a judgment entry granting the parties' divorce. The judgment entry also adopted and incorporated a separation agreement and a shared parenting agreement that the parties had executed prior to the final hearing. The parenting agreement established that the children would reside with Daniel during the school year, while Mary would exercise visitation in Indiana for at least twelve nights per month. The children would then reside with Mary during the summer months and Daniel would exercise visitation in Ohio for at least nine nights per month. The agreement also stated that a child support order would not be established at that time since both parties would have custody of the children on an equal basis.
Thereafter, on April 14, 1998, Daniel filed a motion for modification of parental rights and responsibilities, asking the court to terminate the shared parenting order and designate him residential parent. The motion was based upon the allegation that the custody arrangement under the shared parenting order had an adverse affect on the children. Daniel also requested the court to establish a child support order.
On May 1, 1998, in response to Daniel's motion, Mary filed a motion requesting the court to order the parties to attend mediation instead of litigating the issue before the court. The court granted the motion and the parties attended a mediation session. A June 22, 1998 mediation report indicated that the parties had reached an agreement as to all outstanding issues and that an agreed judgment entry would be forthcoming. However, by the fall of 1998, neither party had submitted a proposed judgment entry. As a result, the trial court set the matter for a hearing.
The hearing took place on February 2, 1999. After considering the evidence, the trial court took the matter under advisement and entered judgment on July 23, 1999 granting Daniel's motion. The entry also stated that Mary would exercise visitation rights in accordance with the standard local rules. In addition, a child support order was established, requiring the mother to pay approximately $519 per month.
Thereafter, Mary filed a timely motion for a new trial pursuant to Civ.R. 59(A). On August 12, 1999, the trial court denied the motion and Mary then filed the instant appeal, asserting several assignments of error that we have elected to address outside of their original order.
As a preliminary matter, we must point out the standard of review that this court is bound by in considering an appeal involving issues of custody. We are mindful, as was the Supreme Court of Ohio in a recent opinion, that "custody issues are some of the most difficult and agonizing decisions a trial judge must make." Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418. It follows then, that a trial court must be afforded wide latitude in making these decisions and that, absent a clear abuse of discretion, a reviewing court should not disturb a final custody order. Id.
The standard for an abuse of discretion, as applied to custody matters, was set forth in Bechtol v. Bechtol (1990),49 Ohio St.3d 21, at the syllabus: "Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence * * *." The Davis court further explained that the underlying purpose for this standard of review is that "the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis, 77 Ohio St.3d at 418. With that stated, we will now discuss the merits of Mary's assignments of error.
 Assignment of Error II The Court's finding number 17 regarding interaction and interrelationship with parents, siblings, and other persons is unreasonable, not supported by the evidence, and an abuse of discretion.
R.C. 3104.09(E)(2)(b) permits a court to terminate a shared parenting order upon the motion of one or both of the parents in the event that it determines that shared parenting is no longer in the best interest of the child. Regardless of whether the inquiry is upon an initial custody decision or in light of a motion for modification, in determining the best interests of a child, the trial court is required to consider the factors enumerated in R.C.3109.04(F)(1). These factors include, but are not limited to:
(a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child in chambers * * *, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments * * * that are required of that parent * * *;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being abused or a neglected child * * *;
 (i) Whether * * * one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
In its July 23, 1999 judgment entry, the trial court found, at paragraph seventeen, that with regard to R.C. 3109.04(F)(1)(c), "it appears that the defendant's lack of patience and striking out at and swearing at the children would weigh against placement with the defendant." Mary complains that the trial court abused its discretion in reaching this conclusion.
Testimony taken during Daniel's case in chief indicates that Mary has, in the past, lashed out at her children both in private and in public. This lashing out includes hitting and swearing at the children. Mary admitted to this behavior, but she maintained that it did not happen often and that it happened several years ago as a result of stress. Notwithstanding, Mary's case in chief also included testimony from several witnesses who stated that she is a loving mother and that they have never witnessed her alleged temper.
Although the record contains conflicting testimony as to Mary's present ability to cope with and discipline her children in an appropriate manner, we must reiterate that it is improper for an appellate court to weigh the testimony and credibility of witnesses, a job that is reserved for the trial court. SeeBechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23. Thus, we cannot hold that the trial court erred herein simply because it chose to resolve this factual issue in favor of the father.
Accordingly, Appellant's second assignment of error is overruled.
 Assignment of Error IV The Court's finding and conclusion number 19 is unreasonable, and unsupported by the evidence, and contrary to law.
Paragraph nineteen of the trial court's judgment entry states that "[t]he actions of the parties have demonstrated that the plaintiff is more willing to make necessary sacrifices for the benefit of the children." Mary complains that the record does not support this conclusion. We disagree.
The transcript from the custody hearing contains an abundance of evidence with regard to the efforts that both parties have made to accommodate the children since the 1997 separation. As was stated in the previous discussion, the reviewing court is not in the position to weigh the testimony and credibility of the witnesses in order to second-guess the trial court's conclusion in favor of one party over the other. See Davis, supra. Although Mary does not agree with the court's evaluation of the testimony, it is clear that the trial court's decision was based upon competent, credible evidence. Thus, the trial court did not err in this respect.
Accordingly, Appellant's fourth assignment of error is overruled.
 Assignment of Error III The Court's finding and conclusion regarding statutory factor (d) was arbitrary, unsupported by the evidence, and contrary to evidence and to law.
In Paragraph eighteen of its July 23, 1999 judgment entry, the trial court stated that with regard to R.C. 3109.04(F)(1)(d), which focuses on a child's ability to adjust at home, school and in the community, "the defendant's insistence upon continued residence in Fort Wayne, Indiana while she exercised extensive visitation during the school week was by necessity detrimental to the children's adjustment to their school and community and would weight against placement with the mother." A thorough review of the transcript demonstrates that there is virtually no evidence tending to show that the children had been adversely affected by the previous custody arrangement in either their behaviors in school or in the community. Indeed, the testimony from school officials indicates that the children have adjusted surprisingly well and that their academic performance has not declined since their parents' separation. However, there is evidence from both Daniel and his new wife to suggest that the children have difficulty adjusting emotionally upon their return from the overnight visits at their mother's home.
While we acknowledge that the trial court may have acted arbitrarily in making such an inference about the children's adjustment to school and the community without any supporting evidence, we are mindful that no single factor is determinative in deciding a child's best interest. See Berry v. Berry (Mar. 12, 1990), Clermont App. No. CA88-11-081, unreported. "Rather, a custodial determination must be made in light of the totality of the circumstances." Id. Thus, just because the trial court's finding on one issue appears to be against the weight of the evidence, it does not automatically follow that the entire custody award constitutes an abuse of discretion. Id.
In light of the totality of the circumstances surrounding the instant case, we conclude that although the trial court may have erred in presuming that the custody arrangement had a per se
detrimental affect on the children, the remainder of the award was based upon a substantial amount of competent, credible evidence, as outlined in our previous discussions. Therefore, even though we tend to agree with the argument contained in Mary's third assignment of error, a reversal of the entire judgment is not warranted.
Appellant's third assignment of error is sustained.
 Assignment of Error I The Court's finding number 16 is arbitrary, unreasonable, and an abuse of discretion.
In this assignment of error, Mary claims that the trial court erred in failing to consider certain pieces of evidence that would, in her opinion, weigh against placement with the father. However, because we have already found that the custody award was based upon a substantial amount of competent, credible evidence, this assertion has been rendered moot and we need not address its merits.
Appellant's first assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 BRYANT and SHAW, JJ., concur.